Vickere *v.* Pierce.

---

## VICKERE *vs.* PIERCE.

Where, one under indentures to learn the trade of a house-carpenter, entered into with a person resident in this State, refused to go with his master to work in a *foreign jurisdiction,* such refusal was held to be no violation of his covenant that he would " well and faithfully serve" his master " as an apprentice."

THIS was an action of *covenant broken,* in which the plaintiff alleged, that the defendant, on the 19th of *March,* 1829, by an instrument under his hand and seal, covenanted that one *Seth Bean* should well and faithfully serve the plaintiff for the term of three years as an apprentice at the trade of a house-carpenter ; and averred a breach.

The breach relied on was the refusal of the apprentice to go with the plaintiff to *Mirimachi* in the Province of *New Brunswick.*

The contract was executed in this State, where all the parties resided.

The Chief Justice, before whom the cause was tried, being of the opinion that the act complained of constituted no breach of the contract, directed a nonsuit. If the whole Court should be of a different opinion, it was to be set aside and a new trial had,

otherwise it was to be confirmed and the defendant allowed his costs.

*Tenney*, argued the case for the plaintiff, insisting that it was the duty of the apprentice to have obeyed the plaintiff's directions in the particular named, citing *Davis* v. *Colburn*, 8 *Mass.* 306 ; 3 *Danes' Abr.* 587 ; *Hall & al.* v. *Gardner*, 1 *Mass.* 172 ; *Hobart's Rep.* 134 ; *Commonwealth* v. *Hamilton*, 6 *Mass.* 273 ; *Story's Conflict of Laws*, 417, 390 ; *Coffin* v. *Basset*, 2 *Pick.* 357.

*Boutelle*, for the defendant, cited the following authorities : *Butler* v. *Hubbard & al.* 5 *Pick.* 250 ; *Randall* v. *Rotch*, 12 *Pick.* 107 ; *Nickerson* v. *Easton*, 12 *Pick.* 110.

EMERY J. — The question to be decided in this case is, whether the opinion of the Judge that the refusal of *Bean* to serve the plaintiff in a foreign jurisdiction did not constitute a breach of the covenant declared on, be correct, and his direction of a nonsuit for that cause ought to be confirmed.

From the brief statement to which reference is made in the report, it would seem that when the agreement declared on, was made, the said *Seth Bean* had a father and mother living ; and for some cause, not apparent in the papers, the defendant, the brother in law of *Bean*, the apprentice, united with *Bean*, in the agreement that the latter should well and faithfully serve said *Vickere*, for the term of three years, commencing the 15th day of *January*, 1829, as an apprentice at the trade of a house-carpenter, and said *Pierce* and *Bean* agreed, that in case said *Seth* should not fulfil the above agreement, *Pierce* should be holden for all damages to *Vickere ;* and the latter agreed on his part to instruct said *Bean* in the trade according to the best of his abilities, and clothe him as well as apprentices are generally clad, and give him four months schooling. The covenant was executed in this state, where all the parties resided. *Bean* became of age in *January*, 1831. In *May*, 1831, the plaintiff required *Bean* to attend him to *Mirimachi*, in the province of *New Brunswick*, which *Bean* refused and neglected to do ; and this was relied on by the plaintiff as constituting a breach of the covenant.

The contract, into which *Bean* and *Pierce* entered, was with reference to employment as apprentice to learn the trade of a house-carpenter within this State. No provision is made for pursuing the business or giving instruction in any other government. And unless it is distinctly communicated in the agreement, it must be deemed a violation of the spirit of the contract, to transport the apprentice out of the State. It had once been done by the plaintiff to the apprentice as appears by the deposition of *James Boies;* and was again attempted. The report says, the plaintiff *required him to go.*

In the case of *Coventry* v. *Woodhall, Hob. Rep.* 134, it is stated that generally no man can force his apprentice to go out of the kingdom except it be expressly agreed, or that the nature of his apprenticehood doth import it ; as if he be bound apprentice to a merchant adventurer, or a sailor, or the like. The same doctrine is maintained in *Hall* v. *Gardiner,* 1 *Mass.* 172; *Commonwealth* v. *Hamilton,* 6 *Mass.* 273; *Davis* v. *Colburn,* 8 *Mass.* 299. The like construction has also been adopted in *Pennsylvania, Commonwealth* v. *Edwards,* 6 *Bin.* 262.

We are now called upon to say, that resistance to an unlawful requisition on the apprentice, affords a just ground for the support of an action against the defendant. He had never stipulated nor expected, that such an illegal requirement should be complied with, nor that personal service, out of the protection of our own laws, should be performed by *Bean.* But we cannot give countenance, by our judgment, to such a perversion of the objects of the agreement. Here is the most distinct evidence of the attempt on the part of the plaintiff, to take *Bean,* the apprentice, with him into the *British dominions,* and this circumstance supplies what was wanting in *Coffin* v. *Bassett,* 2 *Pick.* 357. The nonsuit therefore is confirmed, and the defendant must recover his costs.